# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50235

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2017

Lyle W. Cayce
Clerk

KEVIN L. STAFFORD,

Plaintiff-Appellant

v.

EDDIE LANGE, Sheriff; NANCY BOTKINS; DOCTOR FNU SMITH,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-463

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kevin L. Stafford, Texas prisoner # 234853, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed this 42 U.S.C. § 1983 action against Sheriff Eddie Lange of the Bell County Law Enforcement Center, Nancy Botkin, the head administrator at the Bell County Law Enforcement Center, and Dr. Glen Smith, of the Bell County Law Enforcement Center's Medical Department. Stafford alleged that Dr. Smith was negligent in the medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment of his infected foot, and that Lange and Botkin were responsible for the negligent acts of their employees.

The district court granted the defendants' motions to dismiss Stafford's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court concluded that Stafford had failed to state a claim for the denial of medical care, that the facts did not rise to the level of deliberate indifference to serious medical needs, and that he had failed to allege any facts which would show liability on the part of Lange or Botkin. The district court denied Stafford's motion to proceed IFP on appeal, certifying that his appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

By moving to proceed IFP, Stafford is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Stafford does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. *Pro se* briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Stafford has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal.

No. 16-50235

*Id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Stafford's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

IFP DENIED; APPEAL DISMISSED.